## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-03141-JHN-AGRx | Date | June 3, 2010 |
|---|---|---|---|
| Title | Tu Nguyen v. Bank of America, N.A. et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER TO SHOW CAUSE RE FEDERAL JURISDICTION AND SERVICE OF PROCESS  (In Chambers)

I.  FEDERAL JURISDICTION

On April 27, 2010, Plaintiff filed a Complaint against Defendants for alleged violations of state law in connection with a residential home mortgage loan.  Plaintiff asserts causes of action for injunctive and declaratory relief, fraud, and violation of California Civil Code § 2923.6.  However, from the face of the Complaint, it does not appear that this Court has federal jurisdiction.  Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law, but Plaintiff asserts no federal cause of action.  Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  However, Plaintiff fails to allege the citizenship of all parties or assert that the amount in controversy exceeds $75,000.  **For these reasons, the Court ORDERS Plaintiff to SHOW CAUSE in writing not later than noon on June 7, 2010 as to a basis for federal jurisdiction.**

II.  SERVICE OF PROCESS

On June 2, 2010, the Clerk of this Court entered default against Defendants for failure to plead or otherwise defend in this action.  However, the Court notes that service of process may be defective.  Plaintiff's proofs of service state that *personal* service, as opposed to substituted service, was made on Defendants on May 3, 2010 at 11:55 p.m.  (Docket Nos. 6–8.)  However, as Defendants are business entities and service was not made during normal business hours, it is difficult to discern how proper personal service was made.  **The Court ORDERS Plaintiff to SHOW CAUSE in writing not later than noon on June 7, 2010 that proper service of the Summons and Complaint was made on all Defendants in this action.**

III.  PENDING APPLICATIONS

The Court defers ruling on Plaintiff's pending Ex Parte Application for a Temporary Restraining Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03141-JHN-AGRx | Date | June 3, 2010 |
|---|---|---|---|
| Title | Tu Nguyen v. Bank of America, N.A. et al. | | |

(Docket No. 17) until the Court is in receipt of Plaintiff's briefs on these issues. Without proper jurisdiction, the Court cannot determine any issue in this case. The Court takes Plaintiff's pending Application for Default Judgment (Docket No. 16) under submission and will calendar the matter for hearing if necessary.

The Court notes that Plaintiff failed to notice properly its Motion for Default Judgment. That Motion was filed on June 2, 2010, and counsel set the matter for hearing on June 7, 2010. The Court expects strict compliance with Rule 3(b) of Judge Nguyen's motion briefing schedule, requiring motion papers to be filed and served no later than **28 days** before the hearing date.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |