GM-132
Nguyen H. Nguyen (Bar No. 213366)
Law Offices of Nguyen H. Nguyen
15361 Brookhurst Street, Suite 205
Westminster, CA 92683
Telephone: (714) 775-4529
Facsimile: (714) 775-4527
Email: nhn97@aol.com

Attorney for Plaintiff, TU NGUYEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TU NGUYEN, an Individual, | Case No.: CV 10-03141 JHN (AGRx) |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION AND MOTION JUDGMENT ON THE PLEADING OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC.** |
| Bank of America, N.A., Successor By Merger to LaSalle Bank, N.A.; NDEx West, L.L.C.; and DOES 1 Through 50, inclusive, | |
| Defendant(s). | HEARING DATE: August 2, 2010<br>TIME: 10:00 a.m. |

Pursuant to Fed. R. Civ. P. 12(c) and 56, Plaintiff TU NGUYEN through its undersigned counsel, respectfully moves for Motion for Judgment on the Pleadings or for Summary Judgment against Defendant NDEx West LLC.

This motion is based upon this Motion, the attached Notice of Hearing, the attached Memorandum of Points and Authorities, as well as the pleadings and papers

1

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR
SUMMARY JUDGMENT AGAINST NDEX WEST, LLC

on file herewith, and upon such other oral and documentary evidence as may be presented at the hearing of this matter.

Plaintiff requests that she be granted judgment on the pleadings or summary judgment because no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.

Dated: July 2, 2010                    Respectfully Submitted;

                                       _____
                                       Nguyen H. Nguyen, Esq.
                                       Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

Plaintiff, Tu Nguyen bring this action against Bank Of America, N.A., Successor By Merger to LaSalle Bank, N.A. as alleged beneficiary under the Deed of Trust and NDEx West, L.L.C. as alleged substituted trustee (hereinafter "Defendants") and their agents, officers, employees, and affiliated or associated parties, for their and their predecessors actions in engaging in a pattern of unlawful, fraudulent, or unfair predatory real estate practices causing Plaintiffs to become victims of such behavior and to be in jeopardy of losing their home through foreclosure.

Plaintiff is seeking to extinguish liens held by defendant Bank of America, N.A., Successor By Merger to LaSalle Bank, N.A. and order declaring Defendant NDEx West LLC not a valid trustee appointed by defendant Bank of America, N.A., Successor By Merger to LaSalle Bank, N.A. and damages resulting therewith.

Plaintiff purchased the foregoing Subject Property on or about 01/20/2006 when she financed her purchase through Clarion Mortgage Capital, Inc. ("Clarion") by virtue of two Deed of Trusts. Plaintiff executed an "Adjustable Rate Rider" note promising to pay Clarion, at the rate of 1.25% in the monthly amount of $1,890.20 commencing March 1, 2006. (True and correct copies of deed of trusts are attached herewith as Exhibit "1"). Based on the recorded deed of trusts, the lender was Clarion, the trustee was Chicago Title Company and Mortgage Electronic Registration Systems, Inc. (or "MERS") was a separate corporation that is acting solely as nominee for Lender as beneficiary.

Unknown to Plaintiff, MERS substituted Chicago Title Company as Trustee with Defendant NDEx West LLC as trustee on the deed of trust despite Clarion as lender had assigned the promissory note to Indymac Bank, F.S.B. (hereinafter "Indymac")

since the inception of the loan. Subsequently, Indymac assigned the promissory note to unknown entity. True and copy of the promissory note with endorsements is attached herewith as Exhibit "2".

As discovered from public record during this litigation, MERS assigned the Deed of Trusts to Defendant Bank of America, N.A., Successor By Merger to LaSalle Bank, N.A. and such assignment was recorded with Orange County recorder office on or about 07/06/2009 as instrument number 2009000357503.

On or about 04/28/2009, Defendant NDEx West LLC recorded with Orange County Recorder a Notice of Default and Election to Sell Under Deed of Trust as instrument number 2009000207940 as Agent for Beneficiary. The notice was signed by Aaron W. Brown, who is the in-house counsel for NDEx West LLC. A true and correct copy of Notice of Default is attached herewith as Exhibit "3".

Since November 2009, Plaintiff worked with the loan servicer, OneWest Bank, FSB, on loan modification as NDEx West LLC recorded the Notice of Trustee Sale on 08/04/2009 with Orange County Recorder as instrument number 2009000417236. In order to prevent the unlawful sale of Plaintiff's resident, at the direction of Defendant NDEx West LLC, Plaintiff made a payment to JP Morgan Chase as beneficiary of the loan on or about 08/17/2009 in the amount of $21,141.00 via wire transfer. Plaintiff made such payment in protest while trying to find out who the holder of the note and is the beneficiary entitled to such payment. A true and correct copy of the electronic payment is attached herewith as Exhibit "4".

On or about 08/24/2009, Defendant NDEx West LLC recorded a Notice of Rescission of Notice of Default with Orange County Recorder as instrument number 2009-00454944. A true and correct copy of the Notice of Rescission is attached herewith as Exhibit "5".

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC

Plaintiff continued to work on loan modification with the loan servicer, OneWest Bank until December 2009 without any result.  On or about 12/01/2009, Plaintiff initiated a Qualified Written Request (hereinafter "QWR") pursuant to Real Estate Settlement Procedure Act, 12 U.S.C. 2605(e) upon OneWest Bank.  On or about January 21, 2010, OneWest Bank responded to Plaintiff's QWR with a copy of the promissory note showing endorsement from Clarion to Indymac Bank, F.S.B. without recourse on 01/12/2006 and subsequent endorsement in blank from Indymac Bank, F.S.B.. See, Exhibit "2".  In addition, OneWest Bank produced account activity of payments made by Plaintiff.  A true and correct copy of which is attached herewith as Exhibit "6".

Close examination of the account activities, Plaintiff's payment made on or about 08/17/2009 in the amount of $21,141.00 via wire transfer based on instruction given by servicer OneWest is not credited.  Plaintiff demanded OneWest making proper correction and questioned OneWest as to why payment was being made to JP Morgan Chase as beneficiary instead of the holder of the promissory note.  They failed to provide Plaintiff with answer.

On or about March 12, 2010, Plaintiff communicated in writing to NDEx West LLC disputing its authority as proper substituted trustee when there is endorsement of the promissory note to neither LaSalle Bank nor JP Morgan Chase.  To date, Plaintiff has not received any response from Defendant NDEx West, LLC..  A true and correct copy of letter to NDEx West LLC is attached herewith as Exhibit "8".

To date, Defendant Bank Of America, N.A., Successor By Merger to LaSalle Bank, N.A. has responded to Plaintiff's verified complaint and the time for defendants to response has expired.  Instead, Defendant Bank of America, N.A., Successor By Merger to LaSalle Bank, N.A. instructed NDEx West LLC, as trustee, scheduled trustee sale of Plaintiff's home for June 10, 2010. See, Exhibit "1".

MERS has no right to payment of any kind from the Plaintiff. See Declaration of Tu Nguyen filed concurrently with "Plaintiff's Declaration"). MERS has never lent Plaintiff any money. See Plaintiff's Declaration. Plaintiff has never executed a promissory note in favor of MERS. See Exhibit "3".

Since the deeds of trust have been recorded, Plaintiff has never made a payment to MERS or Bank Of America, N.A., Successor By Merger to LaSalle Bank, N.A. nor has MERS or ever demanded Debtor make a payment made to it. See Plaintiff's Declaration.

Plaintiff has never received any notification from MERS or any other entity that MERS was assigned rights under any promissory note. See Plaintiff's Declaration.

On July 1, 2010, this Court granted Defendant NDEx West LLC's motion to set aside default and accepted Defendant NDEx West LLC's answer to Plaintiff's complaint. Defendant NDEx West LLC's answer as followed:

"Pursuant to Fed. R. Civ. P. 8(b) (3), Defendant, in good faith, generally denies each and every allegation of the Complaint, as it pertains to it, and denies generally and specifically that the Plaintiff has been damaged in the sum or sums alleged, or in any other sum, or at all, as a result of the acts and/or omissions of Defendant, as alleged in the Complaint."

## II.

## ARGUMENTS

Plaintiff's operative verified pleadings filed on 04/27/2010 assert following allegations against Defendant NDEx West LLC and its answer:

| | |
|---|---|
| At all times relevant herein, Plaintiff TU NGUYEN has been a resident of the County of Orange, State of California and the owner | NDEx denies such allegations. NDEx's answer – General Denial. |

| | |
|---|---|
| of Real Property, including but not limited to the property at issue herein, 6042 Ronald Circle, Cypress, CA 90630. The Legal descriptions are as follows:<br><br>LOT 29 OF TRACT NO. 4377, IN THE CITY OF CYPRESS, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 214, PAGE(S) 49 AND 50, INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. (hereinafter "Subject Property"). Plaintiff's Complaint ¶ 4. | |
| Defendant Bank of America, N.A., successor by merger to LaSalle Bank, N.A. (hereinafter "LaSalle Bank") at all times herein mentioned a nationally organized bank and is the assignee of Deed of Trust of the subject property by MERS, as nominee for Clarion Mortgage Capital on or about 07/06/2009. Plaintiff's Complaint ¶ 5. | NDEx denies such allegations. NDEx's answer – General Denial. |
| Defendant NDEx West, LLC (hereinafter "NDEx" is organized as Delaware company, and is registered with the California Secretary of State to do business in California. Plaintiff's Complaint ¶ 6. | NDEx denies such allegations. NDEx's answer – General Denial. |

| | |
|---|---|
| Plaintiff purchased the foregoing Subject Property on or about 01/20/2006 when she financed her purchase through Clarion Mortgage Capital, Inc. ("Clarion") by virtue of two Deed of Trusts. Plaintiff executed an "Adjustable Rate Rider" note promising to pay Clarion, at the rate of 1.25% in the monthly amount of $1,890.20 commencing March 1, 2006. Plaintiff's Complaint ¶ 9. | NDEx denies such allegations. NDEx's answer – General Denial. |

## A MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT IS JUSTIFIED WHERE ANSWER FAILS TO STATE DEFENSES AND NO GENUINE ISSUES OF MATERIAL FACT EXIST.

Rule 12(c) of the Federal Rules of Civil Procedure establishes that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002) (citing United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)). When presented with a motion for judgment on the pleadings, a district court must "'accept as true all factual allegations set out in the complaint'" and "'construe the

complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor.'"

Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)). The standard for judgment on the pleadings is the same

as that for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ashley County, Ark., 552 F.3d at 665. "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999); Piper Jaffray Companies, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 967 F. Supp. 1148, 1152 (D. Minn. 1997)).

A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable. See William W. Schwarzer, et al., Federal Civil Procedure Before Trial § 9:319 (2003). In fact, the same standard applies to both. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989) (stating standard for motion for judgment on the pleadings); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988) (stating standard for motion to dismiss). The only differences between the two motions are (1) the timing (a motion for judgment on the pleadings is usually brought after an answer has been filed, whereas a motion to dismiss is typically brought before an answer is filed), Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999), and (2) the party bringing the motion (a motion to dismiss may be brought only by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by any party). In re Villegas, 132 B.R. 742, 744-45 (9th Cir. BAP 1991).

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. The moving party bears the ultimate burden of proof to establish that there are no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. Carrington v. City of Des Moines, Iowa, 481 F.3d 1046, 1050-51 (8th Cir. 2007). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In the case at hand, Defendant NDEx West LLC's answer generally denies all Plaintiff's allegations, which includes allegations that NDEx West is the alleged substituted trustee under the deed of trust. This is what Plaintiff asking the Court to do – declaring that NDEx West LLC is not the trustee of record and has no power of sale under the deed of trust. Therefore, there is no genuine issues of material fact exist as to whether NDEx West LLC status under the deed of trust.

Therefore, Plaintiff respectfully requests the Court to enter judgment on the pleadings or summary judgment declaring Defendant NDEx West LLC not a trustee of record under the deed of trust recorded on 01/20/2006 as Instrument No. 2006000046112 and 2006000046113 of official records in the Office of the Recorder of Orange County, California. Consequentially, Defendant NDEx West LLC power of sale as trustee is ordered EXTINGUISHED.

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC**

Case 2:10-cv-03141-JHN-AGR   Document 35   Filed 07/02/10   Page 11 of 14   Page ID #:417

## III.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Court grant this Motion for Judgment on the Pleadings or summary judgment and enter judgment against Defendant NDEx West LLC.

Dated: July 2, 2010

Respectfully Submitted;

_____
Nguyen H. Nguyen, Attorney for
Plaintiff, TU NGUYEN

---

11

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC**

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE       )

I, Nguyen H. Nguyen, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to this action. My business address is 15361 Brookhurst Street, Suite 205, Westminster, California 92683.

On July 2, 2010, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC** on the interested party(ies) as follows:

**NDEx West, L.L.C.**
**c/o Barrett Daffin Frappier Treder & Weiss, LLP**
**20955 Pathfinder Road, Suite 300**
**Diamond Bar, CA 91765**

__XX__ (ECF System) On July 2, 2010, a true and correct copy of the above-mentioned item(s) was/were filed electronically and is/are available for viewing and downloading from the ECF System. The above-listed interested party(ies) is/are deemed to have consented to electronic service of documents filed through the ECF System.

____ (PERSONAL SERVICE) I delivered the above-mentioned item(s) by hand to the office of the addressee shown above.

____ (FAX) I caused the above-mentioned item(s) to be sent via facsimile pursuant to Code of Civil Procedure, Section 1012.5 to the fax number: _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 2, 2010, at Westminster, California.

_____
Nguyen H. Nguyen

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC

GM-132
Nguyen H. Nguyen (Bar No. 213366)
Law Offices of Nguyen H. Nguyen
15361 Brookhurst Street, Suite 205
Westminster, CA 92683
Telephone: (714) 775-4529
Facsimile: (714) 775-4527
Email: nhn97@aol.com

Attorney for Plaintiff, TU NGUYEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TU NGUYEN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>Bank of America, N.A., Successor By Merger to LaSalle Bank, N.A.; NDEx West, L.L.C.; and DOES 1 Through 50, inclusive,<br><br>Defendant(s). | Case No.: CV 10-03141 JHN (AGRx)<br><br>*(Proposed)*<br>**ORDER ON PLAINTITT'S MOTIONS FOR JUDGMENT ON THE PLEADING OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC.**<br><br>HEARING DATE: August 2, 2010<br>TIME: 10:00 a.m. |

Before the Court is Plaintiff TU NGUYEN's Motion for Judgment on the Pleadings or for Summary Judgment against Defendant NDEx West, LLC.

The Court GRANTS Plaintiff's Motion for judgment on the Pleadings or for Summary Judgment declaring Defendant NDEx West, LLC is not the Trustee under

1

the Deeds of Trust recorded on 01/20/2006 as Instrument No. 2006000046112 and 2006000046113 of Official Records in the Office of the Recorder of Orange County, California.

IT IS SO ORDERED.

Dated: _____, 2010

_____
Honorable JACQUELINE H. NGUYEN
United States District Court Judge

2

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AGAINST NDEX WEST, LLC**